IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **SENORA ATAKULU** | * | |
| | * | |
| v. | * | Civil Action No. JKS 05-1546 |
| | * | |
| **SUPERVALUE, INC. t/a** | * | |
| **SHOPPERS FOOD WAREHOUSE** | * | |
| | * | |

## MEMORANDUM

Presently pending and ready for resolution is Plaintiff's motion for a new trial. Dkt. No. 34). No hearing is deemed necessary, and the motion will be denied.

Plaintiff brought this action alleging that she was injured when she slipped and fell while shopping at Defendant's Shoppers Food Warehouse in Landover, Md. on July 31, 2004. Prior to trial, Defendant moved *in limine* to exclude Plaintiff's medical records and bills and to prevent Plaintiff from testifying concerning any medical visits or treatment on the basis that Plaintiff was not calling any providers of the claimed medical services as witnesses. The court granted this motion as to the medical records and bills, ruling that, absent testimony to a reasonable degree of medical certainty that Plaintiff's alleged injuries and medical expenses were causally related to this fall, the records lacked relevance and would unduly prejudice Defendant. *See Wilhelm v. State Traffic Safety Comm'n*, 230 Md. 91, 103 n.1 (1962). (The test of the sufficiency of evidence to take the question of causal relationship to the jury is reasonable probability, or reasonable certainty.") (internal quotation omitted). The motion was denied as to Plaintiff's testimony regarding her injuries and subsequent medical treatment.

The case was tried before a jury on May 2, 2006. Plaintiff testified as to the circumstances of her fall and to the medical treatment she subsequently received. The jury

returned a verdict in Defendant's favor, answering "No" to the question "Do you find that the Defendant was negligent and that Defendant's negligence caused injury to the Plaintiff?"

Plaintiff now seeks a new trial. She notes that the medical records were stipulated to be authentic and argues that they were relevant because they stated that she was being treated for "injury caused by accident of 7/31/04."

A stipulation that medical records are authentic is not an agreement that they are admissible. Although these records were not automatically excluded under Federal Rule of Evidence 803(6), they were still inadmissible because their circumstances indicated a lack of trustworthiness and relevance. Plaintiff had a substantial history of prior and subsequent injuries, was still treating for similar injuries at the time of the Shoppers incident, and did not receive immediate treatment after that incident. Under these circumstances, medical testimony was required to causally link the claimed injuries to the Shoppers incident, as well as to establish that the treatment was rendered necessary by that incident. *See Wilhelm*, 230 Md. at 100 (holding that where the cause of the injury is a complicated medical question involving fact finding which is properly within the providence of medical experts, proof of the cause must be made by such a witness); *see also Schweitzer v. Showell*, 19 Md. App. 537, 543 (1974). Given the nature of Plaintiff's injuries and her extensive treatment for similar injuries with other causes, the jury was simply not capable, without expert testimony, of determining whether the injury and treatment claimed to have been caused by the Shoppers incident was in fact so caused. *See Johnson v. Zerivitz*, 234 Md. 113, 117-18 (1964) (medical testimony required to establish how much, if any, of claimed emotional distress was due to accident in question); *Craig v. Chenoweth*, 232 Md. 397, 400-01 (1963) (expert testimony necessary regarding rear-end automobile collision producing head and shoulder injuries, alleged permanency, and the partial

paralysis of the plaintiff's left forefinger and thumb occurring six weeks later); *Kraft v. Freedman*, 15 Md. App. 187, 193-94 (1972) (expert testimony was required to establish that ileitis flare-up was caused by accident).

  Accordingly, by separate order filed with this Memorandum, Plaintiff's motion for a new trial will be denied.

Date:  May 30, 2006             /S/
                     JILLYN K. SCHULZE
                     United States Magistrate Judge